UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LOWREY, ET AL,

    Plaintiffs,

v.

BEZTAK PROPERTIES, ET AL.,

    Defendants.
_____/

Case No. 06-13408

Honorable Nancy G. Edmunds

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [132] AND CANCELLING HEARING ON OBJECTIONS PREVIOUSLY SCHEDULED FOR FEBRUARY 19, 2009**

    This matter comes before the Court on Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation to deny Plaintiffs' motion for a preliminary injunction against Defendant Canton Township because, upon balancing the required factors, it was determined that a preliminary injunction that would change the status quo was not warranted. Because the Court finds the facts and legal arguments adequately presented and that the decision process would not be significantly aided by oral argument, the hearing on Plaintiffs' objections, scheduled for February 19, 2009, is hereby CANCELLED. E.D. Mich. L. R. 7.1(e)(2).

    Being fully advised in the premises and having reviewed the record, the pleadings, the Report and Recommendation and Plaintiffs' objections, the Court ACCEPTS AND ADOPTS the Magistrate Judge's Report and Recommendation and overrules each of Plaintiffs' objections. Plaintiffs' motion for preliminary injunction is DENIED.

**I.    Background**

**A.  Plaintiffs' Second Amended Complaint**

Plaintiffs Michael and Marilyn Lowry's Second Amended Complaint alleges the following facts as to Defendant Canton Township:

> The Uptown Apartments sit at the intersection of Cherry Hill Road with Ridge Road in Canton Township.  When the Plaintiffs ... leave the Uptown Apartments site, the first sidewalks they encounter run adjacent to those two roads.  <u>Upon information and belief</u>, these sidewalks and their curb ramps were built "by, on behalf of, or for the use of" Canton Township.  Canton Township failed to ensure that these sidewalks were built <u>in strict conformance with the ADAAG or the UFAS</u>, because the sidewalks suffer from <u>cross slopes in excess of 2% and running slopes in excess of 5% and even in excess of 8.33%</u>.  These sidewalks and curb ramps are not accessible to and readily usable to the Plaintiffs ..., and must be made compliant so that the Lowery's can access the sidewalks and businesses and facilities adjacent thereto.  <u>Upon information and belief, these violations are part of an overarching pattern and practice of discrimination by Canton Township by failing to ensure that its sidewalks and curb ramps meet accessibility standards.</u>

(2d Am. Compl. ¶ 31 (emphasis added).)

The only claims asserted against Canton Township are set forth in Count 4 of Plaintiffs Second Amended Complaint.  These include alleged violations of (1) Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132;[1] (2) Section 504 of the

---

[1]This subsection provides that:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

Rehabilitation Act of 1973, 29 U.S.C. § 794;[2] and (3) Michigan's Handicapper's Civil Rights Act, Mich. Comp. Laws §§ 37.1301-02.

As to each of the alleged statutory violations, Plaintiffs allege that (1) "Canton Township has resurfaced or otherwise altered the intersections and sidewalks" described in Plaintiffs' complaint, "but failed to install proper sidewalks and curb cuts" (¶ 53); and (2) "Canton Township has failed to construct and to maintain its sidewalks and curb ramps in a form that is 'accessible to and readily usable' by Plaintiffs," including but not limited to, "the sidewalks adjacent to Uptown Apartments, and to Cherry Hill and Ridge Roads," that "have cross slopes exceeding 2% and running slopes exceeding 8.33%" (¶¶ 54, 57, 58).

Plaintiffs further allege that, by these actions, Canton Township **"intentionally discriminated** against Plaintiffs due to their disabilities." (2d Am. Compl. ¶¶ 55, 57, 58 (emphasis added).) As a result of this intentional discrimination, Plaintiffs allege that they are "entitled to injunctive relief ordering Canton Township to bring these and future services, programs or activities into complaince, compensatory damages and attorneys fees and costs. (*Id.*)

In addition to their requests for compensatory damages and attorney fees and costs, Plaintiffs add the following BROAD relief with respect to Canton Township:

---

[2]That subsection provides that:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(2) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. . . .

29 U.S.C. § 794(a).

> 7. For Canton Township, <u>order the Township to correct all defective sidewalks and curb ramps, and to ensure in the future that all resurfacing or other alterations result in sidewalks and curb ramps that are readily usable by and accessible to Plaintiffs; Ensure that a plan is in place to correct all sidewalks and curb ramps that violate the ADAAG and the UFAS.</u>

(*Id.* at Prayer for Relief, ¶ 7 (emphasis added).)

### B. Report and Recommendation

The Magistrate Judge observed that Plaintiffs seek an order that alters the status quo and imposes mandatory duties on a governmental entity that are broad and wide-ranging. (R&R at 5.) The Magistrate Judge advised against granting the requested preliminary injunction because (1) from a procedural basis, the motion was premature because additional discovery was required before the Court could make a determination as to Canton Township's liability or Plaintiffs' entitlement to relief; and (2) on the merits, Plaintiffs had not met their burden in showing that the requested preliminary injunction should be granted. (R&R at 5.)

## II. Analysis

### A. Report and Recommendation

The Magistrate Judge first observed that, when ruling on a motion for preliminary injunction, the court considers and balances the following four factors:

    (1) whether the movant has a strong likelihood of success on the merits;

    (2) whether the movant will suffer irreparable injury without the injunction;

    (3) whether issuance of the injunction will cause substantial harm to others; and

    (4) whether the public interest will be served if the injunction is issued.

*Chabad of S. Ohio & Cong. Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004). The moving party must demonstrate its right to the extraordinary remedy of injunctive relief by clear and convincing evidence. *Deck v. City of Toledo*, 29 F. Supp.2d 431, 433 (N.D. Ohio 1998) (citing *Garlock, Inc. v. United Seal, Inc.*, 404 F.2d 256, 257 (6th Cir. 1968)). (R&R at 6-7.)

Next, the Magistrate Judge considered these four factors.

As to the first, the Magistrate Judge concluded that Plaintiffs were not likely to succeed on the merits of their claims because Plaintiffs failed to establish intentional discrimination under Title II of the ADA. *See Dillery v. City of Sandusky*, 398 F.3d 562, 568 (6th Cir. 2005) (observing that "acts and omissions which have a disparate impact on disabled persons in general [are] not specific acts of intentional discrimination against [the plaintiff] in particular." (internal quotes and citation omitted)).

Relevant to Plaintiffs' objections to the R&R, the Magistrate Judge properly observed that the affidavit of counsel's daughter and other evidence concerning sidewalks and other allegedly "non-conforming" structures do not advance Plaintiffs' claim of intentional discrimination. Moreover, as noted by the Magistrate Judge, the parties competing affidavits and other evidence demonstrate that disputed issues of material fact exist whether the challenged structures are non-conforming, what standards apply, what is the best method to measure these structures for compliance, whether Canton Township owns the property on which the majority of Plaintiffs' alleged violations exist (i.e., are on rights of way under control of Wayne County or are on private property), whether the ADAAG contains regulations covering public rights of way, and whether Michigan townships have jurisdiction over public roads. The Magistrate Judge properly concluded that, although

Plaintiffs present evidence disputing these facts, they have not made a sufficient showing that they will prevail on these issues. (R&R at 9-10.)

As to the "irreparable harm" factor, the Magistrate Judge properly rejected Plaintiffs' argument that "irreparable harm" can be presumed because the authority it cited did not support that position. (R&R at 11-12.) Moreover, Plaintiffs failed to discuss any facts that would establish irreparable injury. (*Id.*) Unlike *United States v. Edward Rose & Sons, Inc.*, 384 F.3d 258 (6th Cir. 2004), this is not a case brought by the Justice Department against a private developer alleging violations in connection with a building that was under construction. Here, Plaintiffs sue a governmental entity, seek a host of remedial acts, and fail to show irreparable harm or a likelihood of success on the merits. (R&R at 11-12.)

As to the third factor, the Magistrate Judge properly observed that the remedies Plaintiffs seek would have a negative impact on a variety of events that benefit the larger community and would impose an unknown amount of costs and taxes on a municipality not yet shown to be liable or even responsible for the areas of concern. (R&R 12.) Thus, this factor also weighed against granting the injunctive relief Plaintiffs requested.

As to the final -- public interest -- factor, the Magistrate Judge considered Judge Katz's decision in a similar ADA matter and properly concluded that the same result was warranted here. In *Deck v. City of Toledo*, 76 F. Supp.2d 816, 824 (N.D. Ohio 1999), Judge Katz denied the plaintiffs' motion for summary judgment, finding the requested relief in the form of a permanent injunction to be too broad and premature, as discovery was still necessary on material issues of disputed fact. (R&R at 13-14).

**B. Plaintiffs' Objections**

6

Plaintiffs first object that the R&R fails to mention Plaintiffs' sworn declaration that they wish to patronize Canton Township's retail and theater district but cannot because there is no parking space, the sidewalks are too steep, and there are large "lips" at every corner. They acknowledge that Canton Township argues that the challenged sidewalks, parking spaces, and curbs are inside public rights of way that are not governed by regulations and over which Canton Township has no jurisdiction.

Plaintiffs' objection is overruled. The R&R acknowledges Plaintiffs' complaints and observes that disputed issues of material fact exist in this matter.

Contrary to Plaintiffs' second objection, the R&R did not agree with Canton Township's position that the ADAAG does not apply to public rights of way. Accordingly, this objection is also overruled.

In their third and fourth objections, Plaintiffs ignore the Sixth Circuit decision that the Magistrate Judge relied on to conclude that Plaintiffs had not show that they could succeed on the merits of their claims of intentional discrimination under the ADA. *See Dillery v. City of Sandusky*, 398 F.3d 562, 568 (6th Cir. 2005) (observing that "acts and omissions which have a disparate impact on disabled persons in general [are] not specific acts of intentional discrimination against [the plaintiff] in particular." (internal quotes and citation omitted)).

In light of that decision, there was no need for the R&R to discuss CFRs. Plaintiffs also cite numerous cases but fail to show how these advance their intentional discrimination claims. Accordingly, these objections are also overruled.

Plaintiffs' fifth objection similarly ignores the *Dillery* case and complains that the Magistrate Judge failed to decide the disputed issue whether Canton Township was responsible for violations on facilities contained in Wayne County rights of way. Like the

7

above two objections, in light of *Dillery*, it would be inappropriate for the court to address that disputed issue at this juncture of the litigation.  Accordingly, Plaintiffs' fifth objection is overruled.

In their sixth and seventh objections, Plaintiffs argue that irreparable injury should be found here because irreparable injury was found by other district courts in other decisions. Plaintiffs fail, however, to discuss whether the facts and claims presented in those other decisions are substantially similar to those presented here.  Plaintiffs' arguments lack any discussion of the *Dillery* case and the claims asserted in their Second Amended Complaint. They also fail to address the Magistrate Judge's conclusion that a preliminary injunction at this stage of the litigation would be premature.  Accordingly, these objections are overruled.

In their eighth and final objection, Plaintiffs argue that this Court should find that the balance of harms and the public interest favor granting an injunction that orders Canton Township to immediately perform an array of improvements.  This Court ACCEPTS AND ADOPTS the R&R's conclusion that more discovery is required to answer the numerous disputed material issues of fact that will determine whether Plaintiffs succeed on the claims asserted in the Second Amended Complaint and thus overrules Plaintiffs' objection.

### III.  Conclusion

For the above-stated reasons, this Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation to deny Plaintiffs' motion for preliminary injunction

and OVERRULES each of Plaintiffs' objections.  Plaintiffs' motion for preliminary injunction is denied.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  February 3, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 3, 2009, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager